## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONICA ROGERS<br><br>        Plaintiff(s)<br><br>   v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendant(s) | Case No: 1:20-cv-00100 |

### UNION PACIFIC RAILROAD COMPANY'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Union Pacific Railroad Company ("Union Pacific"), by and through its undersigned attorneys, hereby answers Plaintiff Monica Rogers' ("Plaintiff") Complaint and admits, denies, and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action to halt and seek redress for the unlawful sexual harassment and assault by a Union Pacific Railroad Company ("UPRR" or "Defendant") Supervisor against its employee, MONICA ROGERS ("Plaintiff" or "ROGERS") in violation of Federal Law.

**ANSWER**:  Union Pacific admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*., as amended, for alleged sexual harassment and assault by a supervisor but denies that the facts and law support Plaintiff's claims.

2.      ROGERS is and was employed as a janitor for the Defendant and resides in the City of Chicago.

**ANSWER**:  Union Pacific admits that Rogers is employed by Union Pacific as a custodian. Union Pacific is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2.

## PARTIES

3.      Plaintiff MONICA ROGERS is an adult resident of the United States. At all times relevant to this Complaint, Plaintiff is and was a female employee of the defendant employed as a janitor.

**ANSWER**:  Union Pacific admits that Rogers is an adult female employee that has been employed by Union Pacific as a custodian since November 2017.  Union Pacific is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3.

4.      Defendant UPRR is an Illinois business located in the City of Chicago and conducted business in the Northern District of Illinois.

**ANSWER**:  Union Pacific admits that it conducts business in the City of Chicago, which is in the Northern District of Illinois.  Union Pacific denies the remaining allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**ANSWER**:  Union Pacific admits that Plaintiff purports to invoke the Court's jurisdiction under 28 U.S.C. § 1331. Except as specifically admitted, Union Pacific denies the allegations contained in Paragraph 5.

6.      On April 27, 2018, the Plaintiff timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against UPRR for sexual harassment in employment under the Title VII of the Civil Rights Act alleging sexual harassment/assault against the Plaintiff by Defendant's employee who was the supervisor of the Plaintiff.

**ANSWER**:  Union Pacific admits that Plaintiff filed a charge of discrimination with the EEOC on April 27, 2018, asserting violations of Title VII against Union Pacific based on alleged sexual harassment and assault by a former Union Pacific employee.  Union Pacific denies the remaining allegations contained in Paragraph 6.

2

7.     The EEOC on October 7, 2019 issued MONICA ROGERS a Notice of Right to Sue Union Pacific Railroad Company for violation of the Title VII of the Civil Rights Act, as amended.

**ANSWER**:  Union Pacific admits the allegations contained in Paragraph 7.

8.     Venue is proper under 28 U.S.C. § 1331 because of all the acts and omissions forming the basis of this claim occurred in the Northern District of Illinois.

**ANSWER**:  Union Pacific admits that venue is proper in this judicial district. Except as specifically admitted, Union Pacific denies the allegations contained in Paragraph 8.

## FACTUAL ALLEGATIONS

9.     At all relevant times, Plaintiff MONICA ROGERS was performing work for Defendant UPRR and on duty in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 9.

10.     The Defendant UPRR employed Defendant JONATHAN SMITH as Manager of Bridge and Special Projects. His responsibilities included assigning work and supervising the work of UPRR janitors like the Plaintiff, MONICA ROGERS.

**ANSWER**:  Union Pacific admits that, at the time of the incident alleged in the Complaint, Jonathan Smith was employed by Union Pacific as a Senior Supervisor for Special Projects Field Construction, in which role he supervised the custodians in Chicago, including Plaintiff.  Except as specifically admitted, Union Pacific denies the allegations contained in Paragraph 10.

11.     Prior to February 27, 2018, Smith was charged with inappropriate behavior to co-workers and employees under his supervision.

**ANSWER**:  Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same.

12.     Upon information and belief, Smith has had sexual contact with subordinates and those who directly reported [sic]. He also doled out special favors and treatment for employees who granted sexual favors to him.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 12.

13.     Upon information and belief, the UPRR transferred Smith to the Chicago office to be custodian supervisor after accusations of improper conduct with a female employee. No internal or criminal charges were brought against Smith stemming from this incident.

**ANSWER**:  Union Pacific admits that Smith worked at various locations prior to transferring to Chicago in 2012.  Except as specifically admitted, Union Pacific denies the allegations contained in Paragraph 13.

14.     Following the report of these allegations, Defendant UPRR failed to discipline or otherwise institute oversight of Smith, and the UPRR allowed Smith to continue to supervise female employees and subordinates without protection or any measures to prevent him from being in the position to sexually harass and assault subordinates.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 14.

15.     Smith's sexual harassment and predatory behavior was longstanding and premediated. For example, as part of his duties, Smith was responsible for installing department wide GPS tracking system in company vehicles that his employees used. However, in order to avoid supervision and continue his predatory behavior, Smith installed the GPS tracking system on all the vehicles except his company vehicle. UPRR failed to learn of this prior to Smith's assault on Ms. Rogers, which demonstrates its negligence and lack of proper oversight and institution of preventable follow UPRR controls for an employee with known risks of inappropriate sexual behaviors.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 15.

16.     On February 27, 2018, UPRR assigned ROGERS to clean and maintain its passenger stations, including the Rogers Park and Ravenswood stations, as part of her job as UPRR janitor.

**ANSWER**:  Union Pacific admits the allegations contained in Paragraph 16.

17.     Plaintiff's supervisor was Jonathan Smith, and on that date, under a false pretext of having to perform duties outside his office at Ogilvie Transportation Center ("OTC") in downtown Chicago, Smith told Rogers that he would drive her to her assigned stations from the OTC instead of her riding commuter trains to get from station to station.

**ANSWER**:  Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies the same.

18.     While driving to ROGERS' first assigned passenger station, ROGERS was sitting in the front passenger seat when Smith began to pull and tug at his crotch. He then touched and

adjusted his genitals in a sexually provocative manner. Afraid of retaliation and losing her job, ROGERS ignored his actions and stared out the window in disbelief.

**ANSWER**:  Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the same.

19.    On prior occasions, Smith asked Plaintiff is [sic] she spit or swallowed after oral sex. This was a pattern of sexual harassment against his subordinates.

**ANSWER**:  Union Pacific denies that it is aware of any pattern of sexual harassment by Smith. Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore denies the same.

20.    Upon arriving at the Rogers Park station, Smith asked ROGERS how long she would be, and she replied about 30 minutes. Smith then told ROGERS that he would wait in his vehicle until she was done and drive her to her next station.

**ANSWER**:  Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies the same.

21.    After finishing her duties at the Rogers Park station, Smith drove ROGERS to the Ravenswood station and followed her inside, where he exposed himself and demanded oral sex. Fearing a violent physical assault or professional reprisals, ROGERS complied.

**ANSWER:**  Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies the same.

22.    Unbeknownst to Smith, ROGERS preserved his semen that day by spitting it into a napkin and putting it into a rubber glove. ROGERS put the glove with the semen into her own work bag and later transferred it to a sealed plastic bag.

**ANSWER**:  Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies the same.

23.    After she reported the sexual assault, ROGERS turned the semen sample into the police, who submitted it for testing. Tests confirmed it was semen and after initially denying the assault ever took place and denying sexual contact with ROGERS to the police, Smith did submit to a police DNA sampling procedure and the semen's identity was confirmed to be Jonathan Smith's ejaculate.

**ANSWER**:  Union Pacific admits that, after it  learned on April 16, 2018, of Plaintiff's allegations that Smith sexually assaulted her, Union Pacific immediately reported the alleged incident to the Metra Police Department and Smith denied Plaintiff's allegations when questioned by Union Pacific.  Answering further, Union Pacific admits that, on information and belief, the Metra Police conducted an investigation in which it collected a purported semen sample from Plaintiff and a "DNA sample" from Smith for testing.  Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

24.     Defendant UPRR has taken no action against Jonathan Smith to this date.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 24.

25.     Defendant UPRR did transfer, or allowed a transfer to occur, of Smith to Omaha sometime after this occurrence.

**ANSWER**:  Union Pacific admits that Smith transferred out of the Chicago office in October 2018 and he subsequently resigned.  Except as specifically admitted, Union Pacific denies the allegations contained in Paragraph 25.

### VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED
### *VICARIOUS LIABILITY UNDER TITLE VII*

26.     Title VII of the Civil Rights Act of 1964, as amended, et seq., prohibits supervisors from sexually harassing or assaulting subordinates under threat of discipline after demand for sexual acts. Under Title VII, an employer is subject to vicarious liability to an employee when a supervisor sexually harasses or assaults subordinates under threat of discipline after demand for sexual acts.

**ANSWER**:  Union Pacific avers that Paragraph 26 states legal conclusions, to which no response is required.  To the extent a response is required, Union Pacific denies the allegations and legal conclusions contained in Paragraph 26.

27. The UPRR is not afforded an affirmative defense because Smith's harassment resulted in a tangible, adverse employment action, namely forced oral sex under the threat of discipline for absenteeism and attendance.

**ANSWER**: Union Pacific denies the allegations contained in Paragraph 27.

28. DNA testing results by the Illinois State Police prove that UPRR supervisor ejaculated into the Plaintiff's mouth.

**ANSWER**: Union Pacific denies the allegations contained in Paragraph 28.

29. After the incident was reported to the UPRR, the Defendant failed to follow its own policies regarding sexual harassment, failed to reprimand or otherwise discipline its supervisor, and pulled the Plaintiff out of service after her report of sexual assault.

**ANSWER**: Union Pacific denies the allegations contained in Paragraph 29.

30. In fact, the married Supervisor Smith denied anything happened at all, telling detectives that he "doesn't' prefer [sexually] African Americans."

**ANSWER**: Union Pacific admits that Smith denied Plaintiff's allegations when questioned by Union Pacific. Union Pacific is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 and therefore denies the same.

31. UPRR failed to defend its female janitor, namely ROGERS, against her predatory supervisor because, in the words of its Senior EEO Analyst Alie Shields, "inconsistencies between the data evidence and Complainant's statements must be factored into the credibility and accuracy of her accusations, making it difficult to pinpoint if and when the alleged assault occurred."

**ANSWER**: Union Pacific denies the allegations contained in Paragraph 31.

32. At all relevant times hereof, Senior EEO Analyst Alie Shields was an actual and/or apparent agent of UPRR.

**ANSWER**: Union Pacific avers that Paragraph 32 states legal conclusions, to which no response is required. To the extent a response is required, Union Pacific denies the allegations and legal conclusions contained in Paragraph 32.

33. Ms. Shields closed her investigation prior to completion of the DNA testing that confirmed the UPRR's supervisor's ejaculate somehow got into his employee's mouth.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 33.

34.    The corporate trope used by Ms. Shields to repudiate ROGERS on inconsistencies was, in fact, based on the self-serving records of statements by UPRR management.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 34.

35.    ROGERS was always consistent in her truthful retelling of the facts.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 35.

36.    UPRR management's re-telling of ROGERS' incident created the inconsistencies for which Ms. Shield could attempt to conceal her supervisor's sexual assault.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 36.

37.    UPRR is a covered employer to which the Civil Rights Act applies.

**ANSWER**:  Union Pacific admits that it is a covered employer as defined by Title VII. Except as specifically admitted, Union Pacific denies the allegations contained in Paragraph 37.

38.    UPRR Supervisor Jonathan Smith's demand for sexual acts under threat of discipline to his subordinate violated Title VII of the Civil Rights Act.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 38.

39.    As a result of UPRR's actions, the Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

**ANSWER**:  Union Pacific denies the allegations contained in Paragraph 39.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.    This Court lacks subject matter jurisdiction over Plaintiff's claim.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.    To the extent that Plaintiff seeks relief for alleged acts of Union Pacific occurring more than 300 days before the filing of any charges of discrimination, Plaintiff's claims are time-barred by the applicable statute of limitations, the failure to satisfy jurisdictional prerequisites to suit, and/or other time limitations imposed by law.

4.      The Complaint should be stayed or dismissed under the abstention doctrine due to the existence of a pending parallel state court proceeding.

5.      Plaintiff's claim is barred, in whole or in part, to the extent she failed to comply with the procedural prerequisites to filing suit.

6.      Union Pacific undertook good faith efforts to comply with Title VII, including by making good faith efforts to enforce its policies to address workplace harassment, thus barring any claim for punitive damages.

7.      Plaintiff's claim is barred to the extent she failed to mitigate her damages.

8.      The damages sustained by Plaintiff, if any, were solely caused by Plaintiff's own conduct or the conduct of others over whom Union Pacific has no control and for which Union Pacific are not liable.

9.      Union Pacific cannot be held vicariously liable for the conduct alleged in the Complaint.

10.     Plaintiff did not suffer any tangible employment action.

11.     Plaintiff's claims are barred in whole or in part as Union Pacific exercised reasonable care to prevent and correct promptly any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of the preventative opportunities provided by Union Pacific by failing to report the alleged assault at or near the time in which it occurred.

12.     To the extent that Plaintiff is awarded damages, such damages should be reduced by any of the following types of payments: short-term disability, long-term disability, and workers compensation.

WHEREFORE, Defendant Union Pacific Railroad Company denies that Plaintiff is entitled to any relief as a result of the allegations set forth in her Complaint. Defendant requests

that judgment be entered in its favor and that it be awarded costs and disbursements incurred in this action, including attorneys fees and such other and further relief as this Court may deem just and proper.

Dated: March 10, 2020                    UNION PACIFIC RAILROAD COMPANY

                                         By:    /s/ Rodney Perry
                                                One of Its Attorneys

Patricia Brown Holmes (ARDC No. 6194645)
Rodney Perry (ARDC No. 6275686)
Joy Anderson (ARDC No. 6320219)
**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Tel: (312) 471-8700
Fax: (312) 471-8701
pholmes@rshc-law.com
rperry@rshc-law.com
janderson@rshc-law.com
Attorneys for Union Pacific Railroad Company

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 10, 2020, I filed a copy of the foregoing document electronically using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record.

/<u>*s/ Rodney Perry*</u>
Rodney Perry
